IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

LETISHA TWIGG and
GLENDA FLANAGAN,

      Plaintiffs,

      v.                           Civil Action No. 3:05CV40

PILGRIM'S PRIDE CORPORATION,

      Defendant.

## MEMORANDUM OPINION and ORDER

I. Introduction

A. <u>Background</u>. On July 10, 2006 came Plaintiff Letisha Twigg ("Plaintiff Twigg"), by Garry G. Geffert, Esq., and Defendant, Pilgrim's Pride Corporation, by Ellis L. Bennett, Esq., via telephone, for a hearing on Defendant's Motion for Vocational Examination of Plaintiff Twigg. Testimony was not taken and no other evidence was introduced.

    B.    <u>The Motion</u>.

        Motion for Vocational Examination of Plaintiff Twigg.[1]

    C.    <u>Decision</u>.

        Motion for Vocational Examination of Plaintiff Twigg is **DENIED** because Defendant did not meet its burden of proving there is legal authority requiring the same in this kind of case when the only issue of damages is back pay.

---

[1] Docket No. 61.

II.  Facts

Plaintiff Twigg filed a Complaint on March 30, 2005, alleging that her termination from Defendant was in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.  In addition, Plaintiff Twigg alleges that Defendant failed to pay all wages due to her in violation of the West Virginia Payment and Collection Act. W.Va. Code 21-5-1 et seq.  Plaintiff Twigg seeks back pay, front pay, liquidated damages, punitive damages, emotional distress, attorney's fees and costs.

On June 16, 2006, Defendant filed a motion pursuant to Fed. R. Civ. P. 35 to compel an in-person vocational examination of Plaintiff Twigg.  Plaintiff Twigg filed her response in opposition on June 30, 2006.

III.  Discussion

A.  <u>Contentions of the Parties</u>.

Defendant contends that the requested examination would allow Defendant's vocational expert to objectively and independently assess Plaintiff Twigg's "ability and efforts to work in an effort to mitigate damages."  Def.'s Mem. at 2.

Plaintiff Twigg counters that the proposed examination will not provide information relating to whether Plaintiff Twigg was reasonably diligent in seeking and accepting new employment substantially equivalent to her former job and, therefore, will pose an undue burden on Plaintiff Twigg.

B.  <u>The Standards</u>.

1.  <u>Discovery - Physical and Mental Examinations - Order for Examination</u>. When the mental or physical condition (including the blood group) of a party or of a person in the

2

custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Fed. R. Civ. P. 35(a).

    2.    <u>Employment Law - Duty to Mitigate Damages</u>. An employee has an affirmative duty to produce evidence to support her claim for damages by showing she was unable to find comparable employment. After she has done so, the burden shifts to the employer to prove she did not exert reasonable efforts to mitigate her damages. <u>Edwards v. School Bd. of the City of Norton, Va.</u>, 658 F.2d 951, 956 (4th Cir. 1981).

    C.    <u>Discussion</u>.

Under Rule 35, three requirements are necessary to enable the Court to order a Rule 35 examination: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown.

Defendant states that "[s]quarely at issue in this case are [Plaintiff] Twigg's ability and efforts to work in an effort to mitigate damages. This is so because [Plaintiff] Twigg seeks damages for 'back pay.'" Def.'s Mem. at 2. Defendant notes that the proposed examination will consist of "an informational interview and a testing session," <u>id</u>., "to achieve a comprehensive assessment with respect to [Plaintiff] Twigg's vocational aptitude and her

3

interest and efforts to seek employment for which she is suited." Def.'s Motion at 2. The Court notes that Defendant cites no authority, and the Court finds none, either supporting Defendant's argument that the proposed informational interview and tests are contemplated by Rule 35 or allowing the relief sought by Defendant.

Here, Plaintiff Twigg neither seeks nor alleges she has suffered mental or physical damages. Therefore, Plaintiff Twigg has not placed her mental or physical condition in controversy. See Ricks v. Abbott Laboratories, 198 F.R.D. 647 (D. Md. 2001) (the mere presence of an emotional distress issue is not sufficient to warrant a mental or emotional examination). Additionally, Defendant has not persuaded the Court that it has met the requisite "good cause" requirement of Rule 35 to justify granting of Defendant's motion. Defendant has been provided with information concerning Plaintiff Twigg's education, work experiences and her efforts to find work in discovery. Additionally, Defendant will be able to question Plaintiff Twigg about these matters during her deposition. The only issue is back pay and whether Defendant sought comparable work and comparable work was available. Plaintiff's efforts can be a subject of examination in her deposition. Whether comparable work was available in the area can be determined from the print and internet want ads. Consequently, the Court will not compel Plaintiff Twigg to appear for a vocational examination pursuant to Fed. R. Civ. P. 35.

IV. Decision

For the foregoing reasons, Motion for Vocational Examination of Plaintiff Twigg is **DENIED.**

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection

is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: July 26, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE